UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FREDERICK ALLEN BENNINGS,

    Plaintiff,

v.                                          Case No. 3:14cv598/RV/CJK

STATE OF FLORIDA, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    Plaintiff, a former inmate of the Florida penal system proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2).  Upon review of the complaint, the court concludes that this case should be transferred to the United States District Court for the Middle District of Florida, based on venue considerations.

    Plaintiff is a resident of Clearwater, Florida.  Plaintiff's complaint names as defendants the State of Florida and "United States Goverment [sic] Public Records." (Doc. 1, p. 1).  Through this action, plaintiff seeks to "exclude my records – criminal – medical – and dental from the public eye" on the grounds that the Fourth and Fifth Amendments guarantee a right to "security of my personal papers and my persons."

(*Id*., pp. 3-4). Plaintiff expresses a particular concern that his criminal record can be viewed by prospective employers. Plaintiff argues:

> Because of the Constitution the public should have no right to dig into a person['s] personal file, criminal, medical, dental or any other files that's personal. It state without a person's consent. Without a consent might cost that person a job opportunity, so I would like to give consent although would like the record to read unavailable for job opportunities. . . . A right is a right and if I have the right to secure my personal papers ect. ect. [sic], then I should have the right to close my criminal record from the public . . . I'm going to college now and they teaches [sic] us about our rights.

(*Id.*, p. 3).

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. In addition, 28 U.S.C. § 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district

court.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Fla., Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14.

The Northern District and this (the Pensacola) Division have no relation to the litigation at issue.  It is unclear why plaintiff filed his pleadings here, as plaintiff's residence and, presumably, his medical and dental records and prospective employers, are located in Pinellas County which is within the Middle District.  Pinellas County is also where plaintiff's criminal conviction arose and where his criminal records are maintained.  *See State of Florida v. Frederick Allen Bennings*, Pinellas County Circuit Court Case Number 10-CF-5661; *see also* www.dc.state.fl.us.  Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district and division.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be TRANSFERRED to the United States District Court for the Middle District of Florida.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 31st day of October, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).